UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HOLLY AULD BERNIER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:14-cv-178-JHR |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

### MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of returning to past relevant work as a medical transcriber. The plaintiff seeks remand on the basis that the administrative law judge erred in failing to find an upper extremity limitation in determining the plaintiff's residual functional capacity ("RFC") – an error that she contends was not harmless. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 8) at 2-8. I agree and, accordingly, vacate the decision of the commissioner and remand this case for further development.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 13, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 11.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 14; that she had severe impairments of neuropathy, osteoarthritis, degenerative disc disease, myoclonic jerks, and Fowler syndrome/detrusor sphincter dissenergia, Finding 3, *id*.; that she retained the RFC to perform less than the light range of work as defined in 20 C.F.R. § 404.1567(b) and could lift and carry 20 pounds occasionally and 10 pounds frequently, could stand and walk for two hours in an eight-hour day and sit for six hours in an eight-hour day, could never climb a ladder, rope, or scaffold but could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, would need to be able to use the restroom at will, and would need to avoid work at unprotected heights, temperature extremes, humidity, and wetness, Finding 5, *id*. at 16; that she was capable of performing past relevant work as a medical transcriber, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id*. at 19; and that she, therefore, had not been disabled from October 14, 2010, her alleged onset date of disability, through the date of the decision, October 23, 2012, Finding 7, *id*. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); SSR 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

The plaintiff's complaint also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

The administrative law judge acknowledged that the plaintiff had been diagnosed with mild bilateral carpal tunnel syndrome ("CTS"), confirmed by the results of electromyography ("EMG") testing on January 17, 2012. *See* Record at 14, 376-77. She stated, "In light of the fact that the [plaintiff's] carpal tunnel syndrome is only mild in nature, it is considered non-severe, in that it

3

only causes minimal limitations in the [plaintiff's] ability to perform work-related activities." *Id*. at 14-15. While she found that the plaintiff had severe impairments of neuropathy and myoclonic jerks, *see* Finding 3, *id*. at 14, she assessed no resulting limitations, *see id*. at 17-18.[2]

She adopted an RFC consistent with the opinions of two agency nonexamining consultants, Carol Eckert, M.D., and Robert Hayes, D.O. *See id* at 18, 60-63, 70-73. However, neither Dr. Eckert, whose opinion is dated September 12, 2011, nor Dr. Hayes, whose opinion is dated January 19, 2012, had the benefit of review of the January 2012 EMG test results or the plaintiff's diagnosis of mild CTS, and neither assessed any manipulative limitations. *See id*. at 58-60, 62, 68-70, 72. She rejected the September 28, 2012, opinion of treating physician Dana Little, M.D., the only medical expert who factored the plaintiff's CTS into an RFC opinion. *See id*. at 18, 433-36. Dr. Little found, in relevant part, that the plaintiff could only occasionally finger and handle. *See id*. at 434.

As the plaintiff observes, *see* Statement of Errors at 2, the job of medical transcriber requires constant fingering and frequent handling, *see* Dictionary of Occupational Titles ("DOT") § 203.582-058 (U.S. Dep't of Labor, 4th ed. rev. 1991). Thus, the adoption of the manipulative limitations assessed by Dr. Little would preclude performance of that job.

At oral argument, the plaintiff's counsel contended that two cases issued since the filing of the statement of errors are dispositive of this appeal, *Tilton v. Colvin*, No. 1:14-cv-00153-JCN, 2015 WL 181781 (D. Me. Jan. 14, 2015), and *Fox v. Colvin*, Civil No. 2:13-cv-398-DBH, 2014 WL 5465343 (D. Me. Oct. 28, 2014). I agree.

---

[2] As the plaintiff points out, there is overlap between her neuropathy and her mild CTS, which was verified by EMG findings of sensory neuropathy. *See* Statement of Errors at 3-4; Record at 377. In that respect, the administrative law judge's findings of severe neuropathy and nonsevere CTS are inconsistent, underscoring the need for expert assistance in interpreting the raw medical evidence.

In *Tilton*, this court held that, in assessing a claimant's RFC, an administrative law judge improperly interpreted raw medical data, warranting remand, in circumstances in which he rejected the opinions of two agency consultants, rejected the opinion of a treating physician, failed to cite any expert opinion as the basis for his RFC finding, and failed to address and thus failed to seek an expert consultation regarding the claimant's axonal neuropathy. *See Tilton*, 2015 WL 181781, at *2. *See also Gordils v. Secretary of Health & Human Servs.,* 921 F.2d 327, 329 (1st Cir. 1990) (Although an administrative law judge is not precluded from "rendering commonsense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record.").

In *Fox*, this court held that, in assessing a claimant's RFC, an administrative law judge improperly interpreted raw medical data, warranting remand, in circumstances in which she found that the claimant could handle and reach frequently bilaterally, her finding was unsupported by any medical expert opinion of record, she failed to supply good reasons for rejecting the opinion of a treating physician that the claimant could only occasionally handle and reach, and a vocational expert testified that a limitation to occasional handling and reaching, coupled with other restrictions posited by the administrative law judge, would eliminate all work. *See Fox*, 2014 WL 5465343, at *2-*3.

In this case, the administrative law judge's finding that the plaintiff's bilateral CTS and/or neuropathy imposed no restrictions likewise was unsupported by medical opinion evidence. The commissioner disputes this, arguing that two treating physicians, neurologists Edward A. Waybright, M.D., and Jagjivan Mehta, M.D., both characterized the plaintiff's CTS as "mild." *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 9) at 13; *see also* Record at 377, 431. She cites *Richardson v. Astrue*, No. 1:11-cv-382-JAW, 2012 WL

2923544, at *3 (D. Me. June 30, 2012) (rec. dec., *aff'd* July 18, 2012), for the proposition that this court held that an administrative law judge did not interpret raw medical data when the conclusions he drew from EMG testing were taken directly from a medical expert's interpretation of that testing. *See id*. *Richardson* is distinguishable in that, there, the administrative law judge relied on the testimony of a medical expert at hearing regarding the import of the EMG testing. *See Richardson*, 2012 WL 2923544, at *3. In this case, by contrast, the administrative law judge relied on treating physicians' diagnoses of "mild" CTS – in other words, raw medical evidence.

At oral argument, in response to a question in which I sought to verify that the commissioner did not raise any argument that the administrative law judge could have made a permissible "commonsense judgment" from the raw medical evidence, the commissioner's counsel did make such an argument for the first time. This argument, which could have been, but was not, raised in the commissioner's opposition, is waived. *See Connor v. Colvin,* No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *5 n. 4 (D. Me. July 16, 2014) ("The general rule in this district long has been that any claim or issue not raised in a claimant's statement of errors is deemed waived. I perceive no reason against, and indeed fairness would counsel for, the same rule applying with respect to responsive briefs, which the commissioner has been required to file since the amendment of Local Rule 16.3(a)(2) effective January 1, 2013.") (citation omitted).

In any event, the belated argument is unavailing. Counsel for the commissioner reasoned that the administrative law judge could have made a permissible commonsense judgment based on relatively normal findings on examination by treating physicians, including Drs. Waybright and Mehta, and by their lack of assessment of any restrictions or limitations other than a recommendation that the plaintiff wear wrist splints at night. However, this begs the question of whether the plaintiff had limitations flowing from what clearly was an abnormal finding, that of

mild bilateral CTS. Moreover, as the plaintiff's counsel rejoined at oral argument, the absence of notation of restrictions in a progress note is not necessarily indicative of a lack of restrictions. Finally, as the plaintiff pointed out in her statement of errors, the word "mild" seemingly has a different meaning in the context of a CTS diagnosis than it does in the context of judging whether an impairment is nonsevere for purposes of Step 2. *See* Statement of Errors at 5 (noting that, per Web MD, "mild" CTS can have significant symptoms, including numbness or pain that gets worse with use of the hand or wrist).

The administrative law judge, as a layperson, was not qualified to make a commonsense judgment that the plaintiff's mild bilateral CTS imposed no restrictions.

The commissioner contends that, even assuming error, the plaintiff fails to meet her burden of demonstrating that the error was harmful. *See* Opposition at 7-8; *see also, e.g., Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (a claimant bears the burden to demonstrate harmful error); *LaBonte v. Astrue,* Civil No. 09-358-P-S, 2010 WL 2024895, at *3 (D. Me. May 18, 2010) (rec. dec., *aff'd* June 17, 2010) ("[I]n this district, assuming that an error has been made at Step 2 in failing to find a particular impairment to be severe, that error is uniformly considered harmless, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.").

She asserts that, to prove any error was not harmless, the plaintiff relies only on the results of the January 2012 EMG testing, which the administrative law judge supportably found demonstrated no severe CTS impairment, her own subjective allegations, which are insufficient, and Dr. Little's opinion, which the administrative law judge also supportably rejected. *See* Opposition at 8 & n.2, 11-15.

However, as in *Fox*, the administrative law judge failed to supply the requisite good reason(s) for declining to credit limitations assessed by a treating physician. *See* 20 C.F.R. § 404.1527(c)(2) ("[The commissioner] will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [a claimant's] treating source's opinion.").

The administrative law judge stated, in relevant part, that she gave "little evidentiary weight" to the Little opinion because its "extreme limitations are largely based on numbness, pain, and tingling[,]" "the only neurological deficit confirmed through testing is mild bilateral carpal tunnel syndrome[,]" and "[t]he generally mild to moderate physical abnormalities demonstrated throughout the longitudinal record are inconsistent with the extensive limitations described in this report." Record at 18. This amounts to a rejection of Dr. Little's manipulative restrictions on the basis that the evidence demonstrated no more than nonsevere CTS – the very conclusion that I have found the administrative law judge could not permissibly make as a layperson.

As in *Fox*, the plaintiff demonstrates that the error was harmful, pointing out that, per DOT § 203.582-058, the manipulative restrictions assessed by Dr. Little would have ruled out the past relevant work on which the administrative law judge relied. *See* Statement of Errors at 2; Record at 19; DOT § 203.582-058.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

Dated this 17th day of April, 2015.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

8