UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HOLLY AULD BERNIER, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>    *Defendant* ) | No. 2:14-cv-00178-JHR |

*MEMORANDUM DECISION ON MOTION FOR ATTORNEY FEES*[1]

The plaintiff moves for an award of attorney fees in the amount of $10,000.00, pursuant to 42 U.S.C. § 406(b), for her attorney's work in representing her before this court and obtaining a remand of her case to the commissioner, resulting in an award of benefits after remand. *See* Motion for Award of Section 406(b) Attorney Fees ("Motion") (ECF No. 21). The defendant does not oppose the request (ECF No. 23), and I grant the Motion.

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

This court has authority to award court-related fees pursuant to section 406(b), even though the benefits award was made by the commissioner on remand. *See, e.g., Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of

---

[1] The parties have consented to my presiding over this case for all purposes. *See* ECF No. 11.

1

*Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits—including the First Circuit—in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

The making of an application for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

This court has a duty to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *Id*. at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits.  Within the 25 percent boundary, . . . the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

The outer boundaries of a test of "reasonableness" are difficult to plot.  However, this case presents little difficulty.  The Notice of Award from the Social Security Administration specifies that 25 percent of the retroactive award is $18,076.25.  Notice of Award (ECF No. 21-1), attached to Motion, at 3.  The plaintiff and her attorney have agreed that a fee of $10,000.00 is appropriate for the attorney's work before this court, *see* ECF No. 21-2, and, having reviewed the attorney's time record, *see* Motion at 2, I agree.

The plaintiff points out that a section 406(b) award in this amount will actually result in a total fee of $16,000.00, below the $18,076.25 withheld, because her attorney was awarded $6,000.00 for work performed at the agency level.  *See id*.  Moreover, the attorney has acknowledged his duty to refund to the plaintiff the fee in the amount of $2,926.00 previously awarded under the EAJA, *see* ECF No. 18, and his written agreement with the plaintiff so provides, *see* ECF No. 21-2.

Accordingly, the motion for an award of attorney fees in the amount of $10,000.00 is **GRANTED**.

Dated this 4th day of November, 2016.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

3